IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 MAR 14  P 3: 54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| RANDY JOE NASS, individually and as next friend of MADISON NASS, a minor and MASON NASS, a minor, and as Administrator of the Estate of ELIZABETH MABRY NASS, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK MORTON LANGDON, III, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendants. | CASE NO. 1:06CV238-WKW <br><br> JURY DEMAND |

## COMPLAINT

1. Plaintiff, Randy Joe Nass is an individual over the age of 19 and is a resident citizen of 825 River Rush Drive, Sugar Hill, Georgia and has been at all times pertinent hereto.

2. Plaintiff, Randy Joe Nass sues as next friend of his minor daughter, Madison Nass and his minor son, Mason Nass. The minor children are both resident citizens of the State of Georgia.

3. Plaintiff, Randy Joe Nass is administrator of the estate of Elizabeth Mabry Nass who at the time of her death, was a citizen of the State of Georgia.

4. Defendant, Frank Morton Langdon, III is an individual over the age of 19 and is a resident citizen of 26 Ama Lane, Hayesville, NC 28904 and has been at all times pertinent hereto.

5. Defendant, Nationwide Mutual Fire Insurance Company is an insurance company who has issued automobile insurance policy #77102383563, which provided

uninsured/underinsured motor coverage to Plaintiff. Said insurance company is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio at all times pertinent hereto.

## JURISDICTIONAL STATEMENT

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship of all parties hereto and the matter in controversy, exclusive of interest and cost, exceeds the sum of $75,000.00.

7. Venue is proper within the Middle District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions that gave rise to the claims occurred within the Middle District of Alabama, Southern Division.

## COUNT I

### (Wrongful Death)

8. The allegations of paragraph 1 through 7 of the Complaint are realleged as if fully setout herein.

9. On or about the 3rd day of June, 2005, upon the public highways to wit U.S. Highway 231 and at the intersection State Line Road in Houston County, Alabama, the Defendant, Frank Morton Langdon, III negligently, recklessly and/or wantonly caused or allowed a motor vehicle being driven by him to collide with a motor vehicle being driven by Elizabeth Mabry Nass and occupied by the minor children, Madison Nass and Mason Nass.

10. As a proximate consequence of the Defendant Frank Morton Langdon's said negligence/wantonness, Elizabeth Mabry Nass was wrongfully killed.

WHEREFORE, Plaintiff, Randy Joe Nass, as Administrator of the Estate of Elizabeth Mabry Nass, deceased, demands judgment against Defendant Frank Morton Langdon, III for

punitive damages in an amount in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT II

### (Negligence)

11. The allegations of paragraphs 1 through 10 of the Complaint are realleged as if fully setout herein.

12. On or about the 3rd day of June, 2005, upon the public highways to wit U.S. Highway 231 and at the intersection State Line Road in Houston County, Alabama, the Defendant, Frank Morton Langdon, III negligently or recklessly caused or allowed a motor vehicle being driven by him to collide with a motor vehicle being driven by Elizabeth Mabry Nass and occupied by the minor children, Madison Nass and Mason Nass.

13. As a proximate consequence of the Defendant, Frank Morton Langdon's said negligence; Plaintiffs' were caused to suffer the following injuries and damages.

    a.    Plaintiff, Madison Nass suffered bodily injury to wit:

        1.    Cuts and abrasions which required stitches on her left elbow;

        2.    a gapping wound to her left foot;

        3.    bruises to her stomach and shoulders;

        4.    her left foot became infected;

        5.    pain and suffering both past and future;

        6.    mental anguish both past and future;

        7.    she suffers from nightmares; and

        8.    she has permanent scarring and her injuries are permanent in nature.

  b.  Plaintiff, Mason Nass suffered bodily injury to wit:

    1.  Injuries to his stomach and shoulders;

    2.  continues to have nightmares;

    3.  pain and suffering both past and future;

    4.  mental anguish both past and future; and

    5.  his injuries are permanent in nature.

WHEREFORE, Plaintiffs Madison Nass and Mason Nass separately and severally each demand judgment against the Defendant Frank Morton Langdon, III in an amount of compensatory damages in excess of the minimum jurisdictional limits of this Court and costs.

## COUNT III

### (Wantonness)

14. The allegations of paragraphs 1 through 13 of the Complaint are realleged as if fully setout herein.

15. On or about the 3rd day of June, 2005, upon the public highways to wit U.S. Highway 231 and at the intersection State Line Road in Houston County, Alabama, the Defendant, Frank Morton Langdon, III wantonly caused or allowed a motor vehicle being driven by him to collide with a motor vehicle being driven by Elizabeth Mabry Nass and occupied by the minor children, Madison Nass and Mason Nass.

16. As a proximate consequence of the Defendant, Frank Morton Langdon's said wanton conduct; the Plaintiffs' were caused to suffer the following injuries and damages.

  a.  Plaintiff, Madison Nass suffered bodily injury to wit:

    1.  Cuts and abrasions which required stitches on her left elbow;

    2.  a gapping wound to her left foot;

        3.      bruises to her stomach and shoulders;

        4.      her left foot became infected;

        5.      pain and suffering both past and future;

        6.      mental anguish both past and future;

        7.      she suffers from nightmares; and

        8.      she has permanent scarring and her injuries are permanent in nature.

    b.    Plaintiff, Mason Nass suffered bodily injury to wit:

        1.      Injuries to his stomach and shoulders;

        2.      continues to have nightmares;

        3.      pain and suffering both past and future;

        4.      mental anguish both past and future; and

        5.      his injuries are permanent in nature.

WHEREFORE, Plaintiffs Madison Nass and Mason Nass separately and severally each demand judgment against the Defendant Frank Morton Langdon, III in an amount of compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court and costs.

### COUNT IV

17.    The allegations of paragraphs 1 through 16 of the Complaint are realleged as if fully setout herein.

18.    Nationwide issued policy #7710P383563 providing underinsured motorists and uninsured motorists coverage. Said policy covered each Plaintiff.

19. Plaintiffs allege that Defendant, Frank Morton Langdon, III is underinsured relative to the injuries and damages suffered by each Plaintiff and to the extent of said deficiency and liability insurance; Defendant Nationwide Mutual Fire Insurance Company is liable to each of the Plaintiffs.

WHEREFORE, premises considered, Plaintiffs, Randy Joe Nass, individually and as next friend of Madison Nass and Manson Nass, and as Administrator of the Estate of Elizabeth Mabry Nass, deceased, Madison Nass and Mason Nass separately and severally, demands judgment against Nationwide Mutual Fire Insurance Company for the total of its underinsured motorists and uninsured motorists policy limits of said policy of insurance, interest and costs.

## COUNT V

### (Consortium)

20. The allegations of paragraphs 1 through 19 of the Complaint are realleged as if fully setout herein.

21. Plaintiff, Randy Joe Nass at the time of the accident was married to the deceased, Elizabeth Mabry Nass.

22. As a proximate result of Defendant, Frank Morton Langdon, III, said negligence and wantonness that resulted in the death of Elizabeth Mabry Nass, Plaintiff, Randy Joe Nass has lost the love, affection and services of his Wife.

WHEREFORE, Plaintiff, Randy Joe Nass demands judgment against Defendant, Frank Morton Langdon for compensatory and punitive damages for loss of consortium in an amount in excess of the minimum jurisdictional limits of this Court and costs.

Done this the 14th day of March, 2006.

_____
John A. Henig, Jr. (HEN019)
Attorney for Plaintiffs

OF COUNSEL:
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: 334-834-1180
Facsimile: 334-834-3172

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

_____
Of Counsel

**DEFENDANTS TO BE SERVED**
**CERTIFIED MAIL AT:**

Frank Morton Langdon, III
26 Ama Lane
Hayesville, NC 28904

Nationwide Mutual Fire Insurance Company
c/o Commissioner of Insurance
One Nationwide Plaza
Columbus, OH 43215