IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY JOE NASS, individually and as next friend of M. N., a minor and M.N., a minor and as Administrator of the Estate of ELIZABETH MABRY NASS, deceased, <br><br> PLAINTIFFS, <br> vs. <br><br> FRANK MORTON LANGDON, III, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br><br> DEFENDANTS. | CASE NO. 1:06cv-00238-WKW-VPM |

## DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

**COMES NOW** the Defendant NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, and herewith gives answer as follows:

**COMPLAINT**

1. On information and belief, this Defendant admits the allegations of paragraph 1.

2. This Defendant has insufficient information upon which to admit or deny the allegations of paragraph 2; and, therefore denies same.

3. This Defendant has insufficient information upon which to admit or deny the allegations of paragraph 3; and, therefore denies same.

4. This Defendant has insufficient information upon which to admit or deny the allegations of paragraph 4; and, therefore denies same.

5. Defendant admits it issued an automobile insurance policy number 7710P383563 to Elizabeth M. and Randy J. Nass, the terms of which speak for itself; admits it is a corporation organized under the laws of the State of Ohio with it principal place of business in Columbus, Ohio; otherwise this Defendant denies the allegations of paragraph 5.

## JURISDICTIONAL STATEMENT

6. This Defendant has insufficient information upon which to either admit or deny the allegations of paragraph 6 and accordingly denies same.

7. This Defendant admits that venue is proper in the Middle District of Alabama, Southern Division; otherwise it denies the allegations of paragraph 7.

## COUNT ONE

### (wrongful death)

8. Defendant's responses to the allegations of paragraphs 1 through 7 are realleged as if fully set out herein.

9. This Defendant denies the allegations of paragraph 9.

10. This Defendant denies the allegations of paragraph 10.

11. This Defendant denies that Plaintiff is entitled to any relief.

## COUNT TWO

### (negligence)

12. This Defendant's responses to the allegations of paragraphs 1 through 10 are realleged as if fully set out herein.

13. This Defendant denies the allegations of paragraph 12.

14. This Defendant denies the allegations of paragraph 13.

15. This Defendant denies that Plaintiffs are entitled to any relief.

## COUNT THREE

### (Wantonness)

16. This Defendant's responses to the allegations of paragraphs 1 through 14 are realleged as if fully set out herein.

17. This Defendant denies the allegations of paragraph 15.

18. This Defendant denies the allegations of paragraph 16.

19. This Defendant denies that Plaintiffs are entitled to any relief.

## COUNT FOUR

20. Defendant's responses to the allegations of paragraphs 1 through 18 are realleged as if fully set out herein.

21. This Defendant admits it issued policy number 7710P383563 to Elizabeth M. and Randy J. Nass, the terms of which speak for itself; otherwise this Defendant denies the allegations of paragraph 18.

22. This Defendant denies the allegations of paragraph 19.

23. This Defendant denies that Plaintiffs are entitled to any relief.

## COUNT FIVE

### (Consortium)

24. Defendant's responses to the allegations of paragraphs 1 through 22 are realleged as if fully set out herein.

25. This Defendant has insufficient information upon which to respond to the

allegations of paragraph 21, and, therefore denies same.

26. This Defendant denies the allegations of paragraph 22.

27. This Defendant denies that Plaintiff Randy Joe Nass is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Defendant pleads the general issue.

### SECOND AFFIRMATIVE DEFENSE

This Defendant pleads lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

This Defendant avers the Complaint fails to state a cause of action entitling Plaintiffs to relief against this Defendant.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant pleads contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant pleads assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant pleads the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant pleads the sudden emergency doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

This Defendant pleads last clear chance.

### NINTH AFFIRMATIVE DEFENSE

This Defendant pleads intervening superceding causation.

### TENTH AFFIRMATIVE DEFENSE

This Defendant pleads the alleged tortfeasor's actions were not the proximate cause of this accident or plaintiffs' alleged injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

This Defendant denies the nature and extent of Plaintiffs' claimed injuries.

### TWELFTH AFFIRMATIVE DEFENSE

This Defendant alleges the Plaintiffs' failed to mitigate their injuries and damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant avers that any recovery by Plaintiffs is limited to the amount contracted for between Plaintiffs and this Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant claims credit for any amounts received or collected by the Plaintiffs from the alleged tortfeasor or alleged tortfeasor's liability carrier.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Defendant claims a setoff for any amounts recovered or collected by the Plaintiffs from the alleged tortfeasor or alleged tortfeasor's liability carrier.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant claims a credit, setoff and/or offset for any available liability coverage.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant avers its contract is to be interpreted pursuant to Georgia law and gives notice pursuant to Rule 44.1 *A. R. C. P.*

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This Defendant avers punitive damages are not recoverable against it.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs seek punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental

suffering are awarded violates the Constitution because:

- a. It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;
- b. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;
- c. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and
- d. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiffs herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The award of punitive damages claimed by Plaintiffs violate Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of

punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This Defendant contends Plaintiffs is not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of

this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Alabama system and structure for punitive damage awards, together with the claim for punitive damages sought by Plaintiffs in this lawsuit, constitutes a violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiffs in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

### THIRTIETH AFFIRMATIVE DEFENSE

This Defendant pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' recovery of punitive damages violates provisions of the United States and Alabama Constitution including but not limited to the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, § 1, 6, 10, and other provisions of the Constitution of Alabama.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

   a. <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

   b. <u>Sixth Amendment to the Constitution of the United States:</u> Punitive damages are penal and nature and, consequently, the defendants are entitled to the dame procedural safeguards accorded to criminal Defendants.

   c. <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendants that are penal and nature, yet compel the to disclose potentially incriminating documents and evidence.

   d. <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendants were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This Defendant reserves the right to opt out pursuant to *Lowe v. Nationwide*, 521 So.2d 1309.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to supplement and/or further amend by adding thereto any additional defense which may be necessary and appropriate.

/s/ *Randall Morgan*
RANDALL MORGAN [8350R70R]
ATTORNEY FOR DEFENDANT NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY

OF COUNSEL:
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served this the 10th day of April, 2006, upon all parties via email and/or U. S. Mail through the CM/ECF U.S. Federal Court system as follows:

John Alec Henig, Jr.
Copeland, Franco, Screws & Gill
P O Box 347
Montgomery, AL 36101-0347

Frank Morton Langdon, III
36 Ama Lane
Haynesville, SC 28904

/s/ *Randall Morgan*