IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY JOE NASS, individually and<br>as next fried of MADISON NASS, a<br>minor and MASON NASS, a minor,<br>and as Administrator of the Estate of<br>ELIZABETH MABRY NASS, deceased,<br><br>    Plaintiffs,<br><br><br>FRANK MORTON LANGDON, III,<br>and NATIONWIDE MUTUAL FIRE<br>INSURANCE COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:06CV238WKW |

## FIRST AMENDED ANSWER OF DEFENDANT FRANK MORTON LANGDON, III

COMES NOW Frank Morton Langdon, III, a defendant in the above-styled cause, and submits this First Amended Answer to the Plaintiffs' Complaint.

1.  This defendant is without sufficient information to either admit or deny the allegations contained in paragraph number one of the Plaintiffs' Complaint and, therefore, must deny the same..

2.  This defendant is without sufficient information to either admit or deny the allegations contained in paragraph number two of the Plaintiffs' Complaint and, therefore, must deny the same.

3.  This defendant is without sufficient information to either admit or deny the allegations contained in paragraph number three of the Plaintiffs' Complaint and, therefore, must deny the same.

4.  This defendant admits the allegations contained in paragraph number four of the Plaintiffs' Complaint.

5.  The allegations contained in paragraph number five of the Plaintiffs' Complaint do not relate to this defendant and this defendant is without sufficient information to respond to said

allegations.

6.    This defendant admits the allegations contained in paragraph number six of the Plaintiffs' Complaint as the same relates to subject matter jurisdiction.

7.    This defendant admits the allegations contained in paragraph number seven of the Plaintiffs' Complaint as the same relates to venue.

8.  In response to the allegations contained in number eight of the Plaintiffs' Complaint, this defendant adopts and incorporates by reference the responses set out above as if fully set out herein.

9.  This defendant denies the allegations contained in paragraph number nine and demands strict proof thereof.

10.  This defendant denies the allegations contained in paragraph number ten and demands strict proof thereof.

The un-numbered paragraph at the conclusion of Count I requires no response, but to the extent a response is deemed required, this defendant denies Plaintiff is entitled to such relief.

11.  In response to the allegations contained in number 11 of the Plaintiffs' Complaint, this defendant adopts and incorporates by reference the responses set out above as if fully set out herein.

12.  This defendant denies the allegations contained in paragraph number 12 and demands strict proof thereof.

13.  This defendant denies the allegations contained in paragraph number 13 and demands strict proof thereof.

The un-numbered paragraph at the conclusion of Count II requires no response, but to the extent a response is deemed required, this defendant denies Plaintiff is entitled to such relief.

14.  In response to the allegations contained in number 14 of the Plaintiffs' Complaint, this

defendant adopts and incorporates by reference the responses set out above as if fully set out herein.

15.   This defendant denies the allegations contained in paragraph number 15 and demands strict proof thereof.

16.  This defendant denies the allegations contained in paragraph number 16 and demands strict proof thereof.

The un-numbered paragraph at the conclusion of Count III requires no response, but to the extent a response is deemed required, this defendant denies Plaintiff is entitled to such relief.

17.  In response to the allegations contained in number 17 of the Plaintiffs' Complaint, this defendant adopts and incorporates by reference the responses set out above as if fully set out herein.

18.   In response to the allegations contained in paragraph 18 of the Plaintiffs' Complaint, this defendant states that said allegations do not appear to relate to this defendant and as such no response is required. However, to the extent said allegations imply wrongdoing on this defendant's part, said allegations are denied.

19.   In response to the allegations contained in paragraph 18 of the Plaintiffs' Complaint, this defendant states that said allegations do not appear to relate to this defendant and as such no response is required. However, to the extent said allegations imply wrongdoing on this defendant's part, said allegations are denied.

The un-numbered paragraph at the conclusion of Count IV requires no response, but to the extent said paragraph implies wrongdoing on the part of this defendant, said allegations are denied.

20.  In response to the allegations contained in number 20 of the Plaintiffs' Complaint, this defendant adopts and incorporates by reference the responses set out above as if fully set out herein.

21.   This defendant is without sufficient information to either admit or deny the allegations contained in paragraph number 21 and, therefore, must deny the same.

22.   This defendant denies the allegations contained in paragraph number 15 and demands strict proof thereof.

The un-numbered paragraph at the conclusion of Count V requires no response, but to the extent a response is deemed required, this defendant denies Plaintiff is entitled to such relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     The Plaintiffs' complaint fails to state a claim for which relief can be granted.

2.     The Defendant denies each and every material allegation in Plaintiffs' complaint and demands strict proof thereof.

3.     The Defendant avers the defense of contributory negligence and assumption of the risk.

4.     The Defendant avers that the Plaintiffs were not injured and damaged to the extent alleged in the Complaint.

5.     The Defendant avers that Plaintiffs' injuries and damages are the result of an intervening and/or superseding cause and that he/they is/are not the proximate cause of alleged injuries.

6.     The Defendant avers the defense of the sudden emergency doctrine.

7.     The Defendant avers the subject accident was unavoidable as to him.

8.     The Defendant pleads the general issue.

9.     The Defendant pleads that he is entitled to credits, setoffs and offsets paid to Plaintiffs.

4

10.   The Defendant pleads that the Plaintiffs may not maintain an action for wrongful death of the deceased and a loss of consortium claim.

11.   Without admitting and expressly denying any negligence on his part, and in order to preserve said defense, Defendant pleads the last clear chance doctrine.

12.   The Defendant further avers the following constitutional and mental anguish defenses.

**Constitutional Defenses**.    An award of punitive damages under the law of Alabama violates the Fifth, Sixth, and Fourteenth Amendments in the United States Constitution, and Article I of the Alabama Constitution, in that:

> a.   The judiciary's ability to correct the punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guaranties;
>
> b.   Any award of punitive damages serving a compensatory function is inconsistent with due process guaranties;
>
> c.   Any award of punitive damages based upon the wealth of the defendant violates due process guaranties;
>
> d.   The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guaranties;
>
> e.   Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;
>
> f.   The plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and

Article I, Section 3 of the Alabama Constitution in that the amount of punitive damages is based upon the wealth of the defendant.

g. This Defendant contends that any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied. An award of punitive damages in this case would violate the due process clause of the United States Constitution (U.S. Const. Amends. V and XIV) and Article I, Section 6 of the Constitution of the State of Alabama.

h. This Defendant avers the Plaintiff's claims for recovery are in contravention of these rights under any constitutional provision or standard that forms the basis of a decision by the United States Supreme Court in BMW of North America, Inc., v. Gore, No. 94-896.

The Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and the Alabama Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

**Mental Anguish Defenses**. The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violate the Constitution for the following reasons:

(I) It fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

(ii) It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

(iii) It results in the imposition of different compensation for the same similar acts, and thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

6

(iv) It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(b) The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(I) It fails to provide a limit on the amount of the award against these Defendants;

(ii) It is unconstitutionally vague;

(iii) It fails to provide specific standards in the amount of the award of such damages; and

(iv) It constitutes a deprivation of property without the due process of law.

**Cap on Punitive Damages**. The Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at Ala. Code, §6-11-21(Repl. Vol. 1993). Further, the Alabama Supreme Court's action in abolishing legislatively-created cap on punitive damages was unconstitutional and without effect. Finally, under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court could not abolish the cap created by the legislature on punitive damages through judicial decision. See; Honda Motor Company, Ltd., v. Oberg, No. 93-644, n.9 (U.S.Sup.Ct. June 24, 1994)(1994 WL276687)(U.S. Or.).


_____/s/ R. Rainer Cotter, III_____
R. RAINER COTTER, III (ASB-4925-E49R)
Attorney for Defendant

OF COUNSEL:

MARSH, COTTER & TINDOL, LLP.
P.O. Box 310910
Enterprise, Alabama 36331
Ph. 334-347-2626
Fax 334-393-1396
email: rrc@enterpriselawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on John A. Henig, Jr., Esq., and Robert Seagall, Esq., P.O. Box 347, Montgomery, Alabama 36101-0347, and Randall Morgan, P.O. Box 116, Montgomery, Alabama 36101-0116, by placing said copy in the U.S. Mail, postage prepaid and properly addressed this 25th day of August, 2006.

    /s/ R. Rainer Cotter, III
OF COUNSEL